IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:09CR27-SDJ-KPJ-1 |
| JAMES THOMAS COOPER II | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 16, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Andrew Stover.

On October 14, 2009, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of one-hundred fifteen (115) months imprisonment followed by a three (3) year term of supervised release for the violation of 18 U.S.C. § 2133(a), Bank Robbery.

On June 12, 2019, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 100). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall refrain from excessive use of alcohol

1

and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) Defendant shall not leave the judicial district without the permission of the Court or probation officer; (7) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (8) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as Defendant is released from the program by the probation officer. *See* Dkt. 100 at 1–2.

The Petition asserts Defendant violated these conditions because: (1) on May 8, 2019, Defendant was arrested by the Denton, Texas, Police Department and charged with two counts of Manufacture/Delivery of a Controlled Substance PG1>=4G<200G; (2) on February 12, 2019, Defendant was arrested by the Arlington, Texas, Police Department and charged with failure to maintain insurance; (3) on February 15 and 27, and March 26, 2019, Defendant submitted urine specimens which were positive for methamphetamine. The February 15 and 27, 2019, tests were confirmed by Alere Laboratories; (4) on February 22, 2019, Defendant was in Corsicana and Houston, Texas, without prior approval from the U.S. Probation Officer; (5) on February 12, 2019, Defendant associated with a convicted felon and known gang member, Micah Allen, who was convicted on October 10, 2012, of Theft of Stolen Property >=$1,500<$20K, in Collin County District Court Case Number 380-80701-2012; and (6) Defendant failed to attend substance abuse counseling on February 28, 2019, at Addiction Recovery Center, and failed to submit a urine drug test at Addiction Recovery Center in Lewisville, Texas, on March 29, 2019.

At the hearing on September 16, 2019, Defendant entered a plea of true to Allegations six through eight (6–8).  Defendant waived his right to allocute before the district judge and his right

2

to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and his supervised release should be revoked.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the September 16, 2019, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, to be served consecutively to any other sentence, with thirty (30) months of supervised release to follow, subject to the conditions previously stated and entered on the record. It is further recommended that within twenty-four (24) hours of release from the Bureau of Prisons, Defendant is required to report to a Cenikor facility and participate in an inpatient treatment program for eighteen to twenty-four (18–24) months, as recommended by Cenikor and approved by the supervising probation officer.

**So ORDERED and SIGNED this 17th day of September, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE